IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BERNARD AVERY, JR.   ) | |
| ) | |
| Movant,   ) | |
| ) | |
| v.   ) | Civ. No. 2:14-02118-SHM-tmp |
| ) | Cr. No. 07-20040-SHM-tmp-2 |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Respondent.   ) | |

ORDER DENYING MOTION TO REOPEN,
CONSTRUING MOTION AS A SUCCESSIVE § 2255 MOTION,
AND TRANSFERRING THE SUCCESSIVE § 2255 MOTION TO SIXTH CIRCUIT
COURT OF APPEALS

On December 5, 2022, Defendant Bernard Avery, Jr., Bureau of Prisons registration number 21457-076, an inmate then incarcerated at the Gilmer Federal Correctional Institution in Glenville, West Virginia, filed a Motion to Reopen and Amend Habeas Corpus Petition Pursuant to Fed. R. Civ. P. 60(B)(5), (B)(6), and 15(C)(2), and Memorandum of Fact and Law. (ECF No. 47.) Avery asserts his actual innocence of violating 18 U.S.C. § 924(c), "in the cumulative light the United States Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551, . . . (2015); *Davis v. United States*, 129 S. Ct. 2319, . . . (2019); *Borden v. United States*, 141 S. Ct. 1817. . . .; and finally, *United States v. Taylor*, 596 U.S. . . . , 142 S. Ct. 2015 (2022)." (*Id.* at PageID 271.)

**I.    BACKGROUND**

On February 1, 2007, a federal grand jury returned an eight-count indictment against four defendants, including Avery. (Cr. No. 07-20040-2, ECF No. 1.) The charges included: (1) two counts of aiding and abetting interference with commerce by threats or violence, in violation of

18 U.S.C. §§ 1951 and 2 (Counts 1 and 3); (2) two counts of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2 (Counts 5 and 7); and (3) four counts of aiding and abetting in carrying or using a firearm while committing a crime of violence, in violation of 18 U.S.C. §§ 924(c) (Counts 2, 4, 6 and 8). (*See id.* at PageID 1–8.)

On August 25, 2010, the sixth day of trial, Avery changed his plea. (ECF No. 323.) Avery and the Government entered into a plea agreement, and Avery agreed to plead guilty to Counts 1–3 and 5–7 of the Indictment. (ECF No. 325 at PageID 2139.) The plea agreement recommended an "agreed upon sentence of imprisonment" of 40 years, subject to the Court's agreement. (*Id.*) On August 30, 2010, the Court entered an Order on Change of Plea stating that "the Court [had] accepted [Avery's] plea" on August 25, 2010. (ECF No. 326.) Avery was sentenced to 480 months (40 years) of imprisonment. (ECF No. 338.) Avery did not appeal.

On February 18, 2014, Avery filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. (Civ. No. 14-2118, ECF No. 1.) The Court denied the motion and entered judgment on March 29, 2017. (ECF Nos. 41 & 42.) On April 20, 2017, Avery filed a notice of appeal. (ECF No. 43.) On November 13, 2017, the United States Court of Appeal for the Sixth Circuit denied a certificate of appealability. (ECF No. 46 at PageID 270.)

On June 20, 2017, Avery filed a "Motion for Complaint for Lawsuit" in which he argued that there was a breach of a plea agreement related to his sentence and that he was "tricked into signing for 40 years." (Civ. No. 17-2430, ECF No. 1 at PageID 1.) The Court construed that motion as a motion pursuant to 28 U.S.C. § 2255 because it addressed Avery's plea agreement and subsequent sentencing. (ECF No. 4 at PageID 8.) The Court transferred the motion to the Sixth Circuit as a second or successive motion. (*Id.* at PageID 8–9.) In the motion for authorization to file a second or successive § 2255 motion, Avery argued that:

2

(1) his convictions under § 924(c) are invalid in light of *Johnson*; (2) the Supreme Court's grant of certiorari in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), might also render those convictions invalid; and (3) he is entitled to resentencing in light of *Dean v. United States*, 137 S. Ct. 1170 (2017).

(ECF No. 6 at PageID 14.) On February 7, 2018, the Sixth Circuit denied Avery's motion for authorization to file a second or successive § 2255 motion. (*Id.* at PageID 15.)

## II.    THE INSTANT MOTION

Avery argues that, under *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), a showing of actual innocence provides an equitable exception to the statute of limitations. (Cv. No. 14-2118, ECF No. 47 at PageID 274.) He asserts that, if a petitioner can make a showing of actual innocence based on a change in the law, he is entitled relief under Fed. R. Civ. P. 60(b). (*Id.*) Avery contends that actual innocence derives from the Supreme Court's exception to procedural default based on a fundamental miscarriage of justice and that a fundamental miscarriage of justice excuses procedural default. (*Id.*)

Fed. R. Civ. P. 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   (3) fraud   (whether   previously   called   intrinsic   or   extrinsic), misrepresentation, or other misconduct by an opposing party;

   (4) the judgment is void;

   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   (6) any other reason that justifies relief.

3

Avery attempts to tie his motion to a cumulative progression of Supreme Court decisions considering § 924(c) violations. (*See* ECF No. 47 at PageID 271, 278–80.) However, his claim is based on the Supreme Court's recent decision in *Taylor*. (*Id*. at PageID 274–76.) The initial question is whether the motion is, in fact, a second or successive § 2255 Motion, which requires authorization from the Sixth Circuit Court of Appeals before filing. *See* 28 U.S.C. § 2255(h) and § 2244(b)(3)(A).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court addressed the interplay between Rule 60(b) motions and the prohibition on second or successive applications for collateral relief under 28 U.S.C. § 2254. To determine whether a court may decide a Rule 60(b) motion filed by a habeas petitioner, a district court must decide whether the motion presents one or more "claims." *Id.* at 530. The Supreme Court opined that

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id.* at 532 (citations and footnote omitted); *see In re Nailor*, 487 F.3d 1018, 1021–23 (6th Cir. 2007) (applying *Gonzalez* to § 2255 motions).

Avery's Rule 60(b) motion presents a new claim prompted by the Supreme Court's recent decision in *Taylor*, 142 S. Ct. 2015 (2022). In 2019, the Supreme Court held that the residual clause at 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. at 2336. The Court relied on its holding in *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the residual clause in the Armed Career Criminal Act ("ACCA"), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which invalidated the residual clause in 18 U.S.C. § 16. *Davis*,

4

139 S. Ct. at 2336. In *Taylor*, 142 S. Ct. at 2020, the Supreme Court said that, "[w]hat ever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause," 18 U.S.C. § 924(c)(3)(a), of the statutory definition for a crime of violence. Avery asserts that, like attempted Hobbs Act robbery, aiding and abetting Hobbs Act robbery does not require the government to show that the aider and abetter actually used, attempted, or threatened the use of force against the intended victim and, therefore, his § 924(c) conviction based on aiding and abetting Hobbs Act robbery is invalid. (*Id.* at PageID 275–76.)

The Sixth Circuit has allowed a second or successive § 2255 motion to proceed where the defendant, relying on *Davis*, a rule of constitutional law made retroactively applicable, and *Taylor*, a rule of statutory interpretation, sought collateral review for the defendant's § 924(c) conviction based on attempted armed robbery. *See In re: David Patterson*, No. 22-5683 (6th Cir. Dec. 15, 2022). (*See Patterson v. United States*, No. 2:22-cv-02880, ECF No. 1 at PageID 3.)

Where, as here, the motion relies on a subsequent change in substantive law based on *Davis* and *Taylor* to justify relief under Fed. R. Civ. P. 60(b), the motion is "in substance" a successive § 2255 motion.[1] *See Gonzalez*, 545 U.S. at 531–32. The Court CONSTRUES the motion as a successive § 2255 motion.

This Court lacks the authority to decide the successive § 2255 Motion (ECF No. 47) because the Sixth Circuit Court of Appeals has not approved its filing. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Under *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district

---

[1] This case differs from *In re Jones*, 54 F.4th 947, 949 (6th Cir. 2022), where the Sixth Circuit held that Jones's § 2255 motion was not "second or successive" because the events giving rise to Jones' s claim (the dismissal and vacating of his prior California conviction) had not yet occurred when he litigated his first § 2255 motion and that no authorization was needed for him to proceed on the second § 2255 motion.

court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *See Moreland v. Robinson*, 813 F.3d 315, 325 (6th Cir. 2016) ("the district court should have transferred those motions here for processing as requests for permission to present claims in a second or successive habeas petition").

Therefore, under *In re Sims*, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby ORDERED that the Clerk transfer this motion to the United States Court of Appeals for the Sixth Circuit. The Clerk is directed to close this case without entry of a judgment.

IT IS SO ORDERED this 9th day of March, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE